NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. GABRIEL GALLEGOS, Defendant - Appellant. | No. 24-4045 D.C. No. 3:23-cr-02185-DMS-1 MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted June 3, 2025**
Pasadena, California

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

Gabriel Gallegos pleaded guilty to conspiring to transport aliens, in violation

of 8 U.S.C. § 1324(a)(1)(A)(ii) and (v)(I). Under his plea agreement, Gallegos

retained the right to appeal the district court's denial of his motion to suppress

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. He does so now, arguing that border patrol agents who tried to pull over the car he was driving lacked reasonable suspicion to justify a stop, and that he was "seized" within the meaning of the Fourth Amendment when he briefly stopped to let out passengers before fleeing the agents. We review the district court's ruling on a motion to suppress de novo, and the underlying findings of fact for clear error. *United States v. Evans*, 786 F.3d 779, 784 (9th Cir. 2015). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Law enforcement "may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission." *Brendlin v. California*, 551 U.S. 249, 254 (2007); *see also California v. Hodari D.*, 499 U.S. 621, 626 (1991). A defendant's brief stop before fleeing does not constitute actual submission. In *United States v. Hernandez*, for example, we held that the defendant did not submit to an officer's show of authority when he "stopped, looked over his shoulder directly at [the officer], and then threw [a] gun." 27 F.3d 1403, 1405 (9th Cir. 1994). Similarly, in *United States v. Smith*, we held that the defendant did not submit even though he "paused momentarily" and spoke with an officer before fleeing. 633 F.3d 889, 892 (9th Cir. 2011).

Gallegos was not seized because he did not actually submit to the agents' show of authority. His brief stop to discharge passengers does not show submission. The district court found that although "[t]here was a brief

postponement in the pursuit where he pulled over [for] just enough time to let two people out and then took off again," the stop was so short that "there was no opportunity for the [agents] to contact him." Gallegos does not dispute the district court's finding that he resumed driving immediately after releasing his passengers, and our precedent forecloses his argument that coming to a stop was, on its own, sufficient to show that he actually submitted to the agents' show of authority. *Smith*, 633 F.3d at 892; *Hernandez*, 27 F.3d at 1407. Gallegos has identified no controlling case to the contrary.

Because Gallegos was not seized, we need not determine whether the agents had reasonable suspicion to seize him. *See Hernandez*, 27 F.3d at 1407. The district court correctly denied the motion to suppress.

**AFFIRMED.**

24-4045